```
                     UNITED STATES DISTRICT COURT

                    SOUTHERN DISTRICT OF CALIFORNIA


EDUARDO MALDONADO LOPEZ,        )   Civil No. 12-1215-BEN(WVG)
et al.,                         )
                                )   ORDER REGARDING
                  Plaintiffs,   )   PROTECTIVE ORDER
                                )
v.                              )
                                )
                                )
AQUI ES TEXCOCO, et al.,        )
                                )
                  Defendants.   )
                                )
_____)
                                )   Civil No. 12-2113-BEN(WVG)
                                )
AQUI ES TEXCOCO, et al.,        )
                                )   ORDER GRANTING MOTION
                  Plaintiffs,   )   FOR PROTECTIVE ORDER
v.                              )   (DOC. NO. 14)
                                )
                                )
EDUARDO MALDONADO LOPEZ,        )
et al.,                         )
                                )
                  Defendants.   )
                                )
                                )
_____)
```

On January 9, 2013, the Court held a Status Conference in the above-entitled cases. Douglas Clearly appeared on behalf of Plaintiffs ("Lopez") in case no. 12-1215 (wage and hour lawsuit).

Reed Smith appeared on behalf of Defendants on case no. 12-1215 and Plaintiffs in case no. 12-2113 ("Aqui"). Harry McGahey appeared on behalf of Defendants ("Lopez") in case no. 12-2113 (trade libel lawsuit).

At the Status Conference, the Court discussed with counsel the need for, and the propriety of, a protective order for the production of Aqui's financial information in its initial disclosures.

Case no. 12-1215 involves Plaintiffs Lopez' and Alejandro Lopez Ferreira's ("Ferreira") allegations that they worked for Aqui, a restaurant, and *inter alia*, were not properly paid for the hours that they worked, were not afforded meal and rest periods, were not paid their wages upon their discharge, and that Aqui failed to properly provide them with itemized pay statements. One of Aqui's affirmative defenses to Lopez' and Ferreira's claims is that the amount alleged to be owed is offset by amounts that Lopez and Ferreira owe Aqui in Aqui's trade libel lawsuit. On July 25, 2012, the Court ordered the parties to provide their initial disclosures to each other by September 13, 2012. Thereafter, on October 26, 2012, the Court held a Case Management Conference, the result of which, *inter alia*, was that Aqui was ordered to disclose its damages estimate to Lopez and Ferreira on or before November 9, 2012.

In the wage and hour lawsuit, Aqui did not disclose its damages estimate as ordered at the October 26, 2012 Case Management Conference, nor did it object to the disclosure of the estimate. Aqui's counsel argued that while it did not object to production of its financial information, the financial information is protected by its financial privacy rights and is Aqui's trade secret.

1     Case no. 12-2113 involves Aqui's allegations that Lopez and
2  Ferreira (and Sandra Castillo) have committed trade libel and have
3  misappropriated Aqui's name and trade secrets by opening a competing
4  restaurant with a same or similar name that serves the same or
5  similar food. On December 14, 2012, the Court ordered the parties to
6  provide their initial disclosures to each other by January 23, 2013.
7     Lopez' counsel in case no. 12-1215 argued that since Aqui did
8  not object to producing its financial information (stating that such
9  information is protected from disclosure by Aqui's financial privacy
10 rights and that such information is Aqui's trade secret) and did not
11 produce a privilege log for the financial information, those
12 objections have been waived. Therefore, Aqui should produce its
13 financial information to Lopez, without restriction. See <u>Burlington
14 Northern & Santa Fe Ry. Co. v. U.S. District Court</u>, 408 F.3d 1142,
15 1147-1148 (9th Cir. 2005).
16     Fed. R. Civ. P. 26(a)(1)(A)(iii) requires that in a party's
17 initial disclosure, a party must provide to all other parties: "a
18 computation of each category of damages claimed by the disclosing
19 party – who must make available for inspection and copying as under
20 Rule 34 the documents or other evidentiary material, unless
21 privileged or protected from disclosure, on which each computation
22 is based..."
23     Fed. R. Civ. P. 26(c)(1) states in pertinent part:
24     The Court may, for good cause, issue an order to
       protect a party... from annoyance, embarrassment,
25     oppression, or undue burden or expense, including one
       or more of the following...
26     (B) specifying terms, including time and place for the
       disclosure or discovery;..
27     (G) requiring that a trade secret or... commercial
       information not be revealed or be revealed only in a
28     specified way.

1          Here, in case no. 12-1215 (wage and hour lawsuit), Aqui did
2    not comply with Rule 26(a)(1)(A)(iii). Instead, it provided a
3    general statement regarding the damages it claims to have suffered.
4    A general statement regarding alleged damages is insufficient under
5    Rule 26(a)(1)(A)(iii). Therefore, Aqui shall provide to all other
6    counsel in both cases detailed financial information that supports
7    its claim for damages.
8          Despite Aqui's blatant violation of 26(a)(1)(A)(iii), and
9    this Court's Order of October 26, 2012, it is well recognized that
10   federal judges have fairly wide latitude to manage discovery to
11   ensure that litigation efficiently moves forward. <u>California ex.</u>
12   <u>rel. Cal. Dept. of Toxic Substances Control v. Campbell</u>, 138 F.3d
13   772, 779 (9th Cir. 1988), <u>Jardin v. DATAllegro</u>, 2011 WL 3299395 at
14   *5 (S.D. Cal. 2011). Also, despite Aqui's violation, the Court must
15   not blindly and reflexively simply order all potentially sensitive
16   financial information to be disclosed to Aqui's competitors, without
17   considering options to mitigate the damage that may result from
18   unrestricted disclosures of Aqui's financial information.
19         Accordingly, Aqui shall not be compelled to produce its
20   financial information without restriction. Even though Aqui failed
21   to object to producing its financial information without restric-
22   tion, the financial information is still protected from disclosure
23   by Aqui's financial privacy rights and is Aqui's trade secret.
24   Further, at the January 9, 2013 Status Conference, Aqui's counsel
25   noted that both case no. 12-1215 and case no. 12-2113 involve the
26   same employees (Lopez and Ferreira), same or similar restaurant
27
28

names (Aqui *Es* Texcoco and Aqui *Esta* Texcoco)[1] the same type of food being sold in the same limited geographic area. The Court finds these factors to be compelling reasons why Aqui's financial information should be produced pursuant to a protective order.

Here, the Court simply rules that Aqui's general statement regarding its damages is insufficient under Rule 26 (a)(1)(A)(iii), and fashions a remedy for the insufficiency. The Court finds that a protective order (to be drafted by the parties) will meet the needs of all parties in these actions.  The protective order may provide that certain to-be-produced documents may be designated as for "Attorney's Eyes Only." Rule 26(c)(1)(B),(G). The protective order shall include the following language:

> No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

Lopez' counsel in case no. 12-1215 objects to a provision in the protective order that would allow Aqui to designate some to-be-

---

[1] Defendants in the trade libel lawsuit represent that they no longer use the name "Aqui Esta Texcoco."

1 | produced documents as for "Attorney's Eyes Only." Specifically,
2 | Lopez' counsel believes that since he will not be able to show those
3 | to-be-produced documents to his clients, he will be unable to
4 | properly advise them regarding Aqui's financial status and alleged
5 | damages.

6 | However, there is nothing stopping Lopez' counsel from
7 | reviewing the documents designated "Attorney's Eyes Only," by
8 | himself, and/or from seeking assistance from financial professionals
9 | to interpret the data contained in the documents, and formulating
10 | opinions about what the documents state, so as to properly advise
11 | his clients. Furthermore, as Aqui's counsel suggested, counsel for
12 | Lopez and Ferreira may discuss the financial information in general
13 | terms. While this may have certain limitations, it is an avenue that
14 | counsel should explore and include within the protective order. In
15 | addition, the Court is not foreclosing counsel from seeking relief
16 | from the Court to permit full or enhanced disclosure of Aqui's
17 | financial information to Lopez and Ferreira. Therefore, Lopez'
18 | counsel's objection in this regard is overruled.

19 | As a result, in case no. 12-2113, Defendants' Motion for
20 | Protective Order (Doc. No. 14) is GRANTED. The protective order
21 | shall apply in case no. 12-1215.

22 | On or before <u>January 14, 2013</u>, counsel for Aqui shall provide
23 | to all other counsel a protective order that provides that any party
24 | may designate certain documents as for "Attorney's Eyes Only".

1       On or before <u>January 21, 201</u>3 counsel for all other parties
2  shall approve the protective order as to form.
3       On or before <u>January 22, 2013</u>, counsel for Aqui shall
4  produce to all other counsel the documents that evidence Aqui's
5  claimed damages.

7  DATED:   January 11, 2013

                                   _____
                                   Hon. William V. Gallo
                                   U.S. Magistrate Judge